IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 2 6 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALFREDO DE LA GARZA<br>PLAINTIFF<br><br>V.<br><br><br>CONSTITUTION STATE SERVICES<br>COMPANY, L.L.C.<br>DEFENDANT | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-150 |

## JOINT DISCOVERY CASE MANAGEMENT PLAN
## UNDER RULE 26(F) F.R.C.P.

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   Counsel for Plaintiff and Defendant conferred via telephone and facsimile on October 25th 2004. The conference was held between R.W. Armstrong and Steven F. Hudgins.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   There remains pending in Texas State court the matter which this case was removed

3. **Specify the allegation of federal jurisdiction.**

   Federal jurisdiction is predicated upon complete diversity of citizenship. Plaintiff is a citizen of the State of Texas, Defendant is a Limited Liability Company organized under the laws of the State of Delaware, with its principal place of business in Pennsylvania. Defendant contends the amount in controversy exceeds $75,000.00. Plaintiff does not believe the amount exceeds $75,000.00

4. **Name the parties who disagree and the reasons.**

   Plaintiff disagrees with the jurisdiction of this case and believes it should be in State court because of the jurisdictional amount.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   Plaintiff does not anticipate any further parties. Coca Cola Enterprises maybe added as a party Defendant.

6. **List anticipated interventions.**

   None.

7. **Describe class-action issues.**

   Not applicable.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26 (a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties have agreed to exchange initial disclosures by the date of the Initial Scheduling Conference.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   The parties do not anticipate any changes in the timing, form or requirement for disclosures under Rule 26(a). On or before December 1, 2004, the parties will confer about any matters, which an agreement cannot be reached. If an agreement is still not managed, the party seeking discovery may file a motion to compel.

   B. **When and to whom the plaintiffs anticipate they may send interrogatories.**

   Plaintiff anticipates sending discovery to the defendants by December 15, 2004.

   C. **When and to whom the defendants anticipate they may send interrogatories.**

   Defendants will propound interrogatories to the plaintiff by December 15th 2004.

   D. **Of whom and by when the plaintiffs anticipate taking oral depositions.**

   Plaintiff anticipates taking the oral depositions of Dr. Ruben Pechero, by March 30, 2004, and the insurance adjuster in charge of the file that makes the basis of this cause, and other related medical care providers.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant proposes to depose Alfredo De La Garza and wife and related medical care providers.

F. **When the plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will be able to designate expert witnesses and provide expert reports by February 15th, 2005, Defendant will designate experts by March 15th 2005.

G. **List expert depositions the plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date.**

Unknown at this time.

H. **List expert depositions the opposing party anticipate taking their anticipated completion date.**

Unknown at this time.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are agreed.

11. **Specify the discovery beyond the initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonable be completed.**

The plaintiff anticipates that all discovery can be completed by May 15th, 2005

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties will discuss a mediation date at the rule 26(f) conference.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The parties have agreed to mediate the case by January 15th, 2005.

15. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   The parties agree that mediation is a reasonably suitable alternative dispute resolution technique which can be effectively used by January 15th, 2005.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   Plaintiff is in agreement to trial before the magistrate; Defendant does not consent.

17. **State whether a jury demand has been made and if it was made on time.**

   A jury demand has been timely made.

18. **Specify the number of hours it will take to present the evidence in this case.**

   The parties anticipate that approximately 40 hours are necessary to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   There are no pending motions.

20. **List other motions pending.**

   None.

21. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

   None at this time.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

R.W. Armstrong
R. W. Armstrong & Associates
2600 Old Alice Rd., Ste. A.
Brownsville, Texas 78521
State Bar No. 01323500
Federal Bar Number; 2237
Telephone: (956) 546-5556
Telefax: (956) 546-0470
Counsel for Plaintiff

Steven Hudgins
Hudgins, Hudgins, & Warrick, P.C.
Steven F. Hudgins
State Bar No. 00793993
Federal ID No. 19623
24 Greenway Plaza, Ste. 1707
Houston, Texas 77046
Counsel for Defendant

          RESPECTFULLY SUBMITTED,

          **R.W. ARMSTRONG & ASSOCIATES**
          2600 Old Alice Road, Suite A
          Brownsville, Texas  78520
          Telephone:     (956) 546-5556
          Telecopier:    (956) 546-0470

          By: _____
          R.W. Armstrong
          Federal Bar Number: 2237

          By: _Steven Hudgins by agreement_
          Steven Hudgins
          Counsel for Defendant
          Hudgins, Hudgins, & Warrick, P.C.
          Steven F. Hudgins
          State Bar No. 00793993
          Federal ID No. 19623
          24 Greenway Plaza, Ste. 1707
          Houston, Texas 77046
          (713) 623-2250
          (713) 623-2550 (fax)

## CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of the PLAINTIFFS' DISCLOSURE OF INTERESTED PARTIES was on this the 25th day of October 2004 sent by U. S. Certified Mail, Return Receipt Requested, to all Counsel for Defendants, to wit:

> Steven Hudgins
> Counsel for Defendant
> Hudgins, Hudgins, & Warrick, P.C.
> 24 Greenway Plaza, Ste. 1707
> Houston, Texas 77046

_____
R. W. Armstrong